IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MANSA MUSA-BEY           * | |
|     Petitioner, | |
|                                * | |
| v. | CIVIL ACTION NO. WMN-14-1896 |
|                                * | |
| WILLIAM M. DUNN, MASTER OF | |
|  CHANCERY           * | |
| JOSEPH J. DIPRIMIO | |
|     Respondents       * | |
|                              ***** | |

## **MEMORANDUM**

On June 12, 2014, Mansa Musa-Bey filed this Complaint.  The action is seemingly filed under the "Zodiac" Constitution, the United Nations Declaration of Human Rights, the United States "Republic" Constitution, the United Nations Rights of Indigenous Peoples, and other articles and statutes.  Plaintiff cites to the Treaty of Peace and Friendship of 1836, the Zodiac Constitution, federal civil rights statutes, and presents so-called facts involving Defendant Dunn, a Master of the Family Court in the Circuit Court for Baltimore City, and Joseph J. Diprimio, the Executive Director for the Child Support Enforcement Administration.  When separating the chaff from the wheat, it becomes apparent that Plaintiff is challenging the actions of both Defendants involving contempt hearings regarding a child support enforcement matter held in the Circuit Court and is attempting to create federal jurisdiction over the matter to seek damages.

Having filed a document which seeks to invoke the jurisdiction of this Court, the document is subject to its rules and practices.  Neither the $400.00 filing fee nor an indigency application accompany the Complaint.  Plaintiff shall not, however, be required to cure this deficiency.

Plaintiff claims subject matter jurisdiction based on a federal civil rights law and other treaties, constitutions, and statutes. It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See Gonzales v. Thaler*, 132 S. Ct. 641, 648 (2012); Fed. R. Civ. P. 12(h)(3). The claims raised in this Complaint plainly relate to an ongoing domestic case involving Plaintiff and Delta Forbes and the support of their child in the Circuit Court for Baltimore City. *See Forbes v. Thomas*, Case No. 24-P-84-091732 (Md. Cir. Ct.) (copy attached).[1] The docket shows that a paternity matter was filed in August of 1984, that contempt proceedings were held from 2010 to 2012, and that Plaintiff was found in contempt by Master Dunn in November of 2011.[2]

The case may not proceed in this Court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). It may be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony or child custody is not strictly at issue:

> This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Such might well be the case if a federal suit were filed prior

---

[1] The paternity case was originally filed against Merlin Thomas, who is also known by the name of Mansa Musa-Bey.

[2] The contempt finding was later dismissed without prejudice in 2012.

>   to effectuation of a divorce, alimony, or child custody decree, and the suit depended
>   on a determination of the status of the parties.

*Id*. at 705-06 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976)).

This conclusion is supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the state court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are eminently more suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over child custody and support decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power over these cases because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Second, the Court is also without jurisdiction to review the gravamen of the allegations. The action is based upon the history of a 20-year old state court proceeding and Plaintiff's issue with its recent judicial determinations. Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. *See generally D.C. Ct. of Appeals v. Feldman*, 460 U.S. 472 (1983). In creating this jurisdictional bar, the Supreme Court reasoned that, because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[3] In effect, the *Rooker-Feldman* doctrine

---

[3] The Court explained that only the Supreme Court has federal court appellate jurisdiction over

precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).

For the aforementioned reasons, the Court hereby dismisses the case for lack of federal court subject-matter jurisdiction. A separate Order follows.

/s/
William M. Nickerson
Senior United States District Judge

DATED: June 19, 2014

---

state court judgments. *See* 28 U.S.C. § 1257.